UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN WILLIAMS,
                Plaintiff,

- against -

THE CITY OF NEW YORK, ET AL.,

                Defendants.

16 Civ. 4315 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The Hospital Defendants have moved to dismiss the Amended Complaint against them. The City Defendants have also moved to dismiss the Amended Complaint against them. The motions are fully briefed and, in a separate Memorandum Opinion and Order, this Court has granted the motion of the Hospital Defendants to dismiss the claims in the Amended Complaint against them and denied the motion of the City Defendants to dismiss the claims in the Amended Complaint against them.

The plaintiff has responded to the motions with a plethora of motions and applications. The plaintiff has sought expedited discovery and estoppel to prevent the defendants from arguing that the Amended Complaint should be dismissed because the claims are barred by the statute of limitations. (Dkt. No. 56.) The plaintiff has also sought an extension of time to serve defendants who have not been served. (Dkt. No. 57.) The plaintiff has also sought judicial notice of facts and documents. (Dkt. No. 60). Reversing course, the plaintiff

1

filed a motion for leave to file a second amended complaint, which he claimed would moot the other motions. (Dkt. No. 65.) He then withdrew that application five days later. (Dkt. No. 68.) In the course of the briefing, he accused counsel for the Hospital Defendants of having caused the termination of the unserved Hospital Defendants (Dkt. No. 62), an allegation that he withdrew three days later (Dkt. No. 65).

At the argument of the motions on September 13, 2017, the plaintiff expressed the desire to file a second amended complaint. The City Defendants expressed a desire to file a new motion to dismiss based on qualified immunity. The Court requested that the parties file brief letters by September 20, 2017 explaining what motions they sought to make after they had considered the Court's Memorandum Opinion and Order disposing of the motions to dismiss.

With respect to all of the remaining motions directed to the Hospital Defendants, the motions are denied as moot. There is no basis for expedited discovery or for estoppel relating to defendants who have been dismissed from this action, and the same reasoning in the motion to dismiss would apply to any of the other named or unnamed potential defendants employed by Beth Israel as discussed in the Amended Complaint. There is also no basis for extending the time to serve any of the Hospital Defendants because the claims against them have been dismissed.

The claim for judicial notice is without merit because it is an attempt to extend the briefing on the motion to dismiss and, in any event, does not change the disposition of the motion to dismiss.

With respect to the plaintiff's motions relating to the City Defendants, those motions are also dismissed. There is no basis for expedited discovery. The plaintiff claims that he needs expedited discovery to determine if, in fact, Deputy Inspector Cappelman was on duty on the night the event at issue occurred. That suggests that the plaintiff may not have had a good faith basis to sue Deputy Inspector Cappelman in the first instance and to make the specific allegations that he made in the Amended Complaint, but it is not a basis for expedited discovery. The plaintiff also alleges that he does not trust the City attorney's identification of the police officers involved, but he has in fact named them in the Amended Complaint and has provided no basis to discount the identification. There is no reason that discovery should not proceed in the normal course in this case. See, e.g., Don King Prods. Inc. v. Hopkins, No. 04cv9705(PKL), 2004 WL 2997800, at *2-3 (S.D.N.Y. Dec. 23, 2004); Raza v. City of New York, 998 F. Supp. 2d 70, 75-76 (E.D.N.Y. 2013).

The request for estoppel to prevent the City Defendants from raising the statute of limitations defense is denied

3

without prejudice. The plaintiff claims that the City was responsible for a delay in identifying the John and Jane Doe Defendants and thus they could not have been named in the complaint prior to the expiration of the statute of limitations. It is unclear at this point which, if any of the defendants, will raise a statute of limitations defense, and it will be time enough if such a defense is raised to determine if it is viable. Any factual representations in connection with such a defense or opposition must be made under oath. For example, the City raised the possibility that Officer Porter had a viable statute of limitations defense. The City represented that Officer Porter was identified on November 16, 2016, and not named until May 3, 2017. (Dkt. No. 66 at 3, n.3.) Thus, the plaintiff waited nearly 5 months to name that potential defendant, after the statute of limitations expired. The plaintiff responded that, "[t]he record shows that Corporation Counsel identified officer Porter and Officer Dwyer on April 10, 2017, 10 months after the Complaint was filed." (Dkt. No. 71 at 2.) The plaintiff's statement is untrue. The City sent a letter to the Court dated November 16, 2016, with a copy to the plaintiff, identifying Officer Porter and providing details of where Officer Porter worked. (Dkt. No. 10.) The City further sent a letter to the Court with a copy to the plaintiff dated December 16, 2016, explaining that it had identified Officer Porter in a letter

4

dated November 16, 2016. (Dkt. No. 21.) At the argument of the motions on September 13, 2017, the plaintiff argued that the City had somehow slipped this information past him, but the information was plainly set out for the plaintiff. Thus, it will be time enough to decide any statute of limitations defenses when, and if, any such defenses are raised with respect to any defendants.

The motion for an extension of time to serve the City Defendants is denied without prejudice. It is unclear whether the plaintiff will attempt to file a second amended complaint. It thus makes no sense to serve the current complaint at this time, particularly in view of the plaintiff's previous attempt to file and then withdraw a second amended complaint. After the plaintiff has determined whether to proceed with the current Amended Complaint or seek to file a second amended complaint, the parties can brief whether service on the named, but not yet served, City Defendants should be permitted.

The motion for judicial notice of facts and documents is denied. The motion is a transparent attempt to file sur-reply papers on the motion to dismiss. In any event, none of the documents change the decision on the motion to dismiss.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, they are either moot or without merit.

The motions are decided as discussed above. The clerk is directed to close **Docket Numbers 56, 57, and 60.**

**SO ORDERED.**

Dated: New York, New York
September 14, 2017

_____
John G. Koeltl
United States District Judge