```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| STEVEN WILLIAMS, | |
|                 Plaintiff, | 16 Civ. 4315 (JGK) |
|    - against - | MEMORANDUM OPINION AND ORDER |
| THE CITY OF NEW YORK, ET AL., | |
|                 Defendants. | |

**JOHN G. KOELTL, District Judge:**

The plaintiff, Steven A. Williams, has filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1) and 28 U.S.C. § 1927 against the Corporation Counsel of the City of New York, Qiana Smith-Williams, Rachel Seligman-Weiss, Kavin Thadani, and Suzanne Aribakan (collectively, "Corporation Counsel"). He also seeks sanctions for spoliation. The plaintiff claims that Corporation Counsel perpetrated a fraud on the Court by, among other things, making false statements to the Court in order to obtain extensions of time to comply with the Valentin order, destroying documents that were needed to identify the New York Police Department ("NYPD") Jane and John Doe defendants, and misleading the plaintiff so that he would miss Court deadlines.

As an initial matter, the plaintiff cites the standard for sanctions under Federal Rule of Civil Procedure 37(c)(1), but he does not allege a violation of that Rule in his brief. Rule 37(c)(1) applies when a party fails to "provide information or

1

identify a witness as required by Rule 26(a) or (e)". Rules 26(a) and (e) concern initial disclosures and the supplementation of those disclosures, or responses to discovery requests or interrogatories. The plaintiff has not made any allegations that Corporation Counsel violated Rule 26 and therefore his motion for sanctions under Rule 37(c)(1) must be denied.[1]

With respect to the motion for sanctions pursuant to § 1927, the standard for the issuance of such sanctions is high. "To impose sanctions under either [§ 1927 or the court's inherent authority], the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." Agee v. Paramount Commc'ns, Inc., 114 F.3d 395, 398 (2d Cir. 1997). Thus, a finding of bad faith is a prerequisite to an award of attorney's fees under either authority. Id.; see also

---

[1] The plaintiff's motion for sanctions under Rule 37 should also be denied because the plaintiff failed to comply with Local Rule 37.2, which provides that "[n]o motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference". The plaintiff did not make such request. See, e.g., Meadowbrook-Richman, Inc. v. Associated Fin. Corp., 253 F. Supp. 2d 666, 680 (S.D.N.Y. 2003). See also Williams v. Rosenblatt Sec. Inc., No. 14-CV-4390 (JGK), 2016 WL 590232, at *3 (S.D.N.Y. Feb. 11, 2016).

Gameologist Grp., No. 09-cv-6261, 2012 WL 1446922, at *3 (S.D.N.Y. Apr. 26, 2012). "The Supreme Court has cautioned that because of the 'very potency' of a court's inherent power, it should be exercised 'with restraint and discretion.'" United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)). See also Sorenson v. Wolfson, 170 F. Supp. 3d 622, 633 (S.D.N.Y. 2016), aff'd, 683 F. App'x 33 (2d Cir. 2017).

Much of the plaintiff's motion for sanctions is devoted to his allegations that the City delayed in identifying the Jane and John Doe officers named in the plaintiff's complaint. However, the City identified the Jane Doe as Officer Zulerna Porter on November 16, 2016, in a letter addressed to the Court and copied to the plaintiff. (Dkt. No. 10.) This identification was made one day after the time prescribed by the original Valentin order (Dkt. No. 6), and Corporation Counsel sought an extension of time to comply with the Order, which was granted (Dkt. No. 16). Therefore, the plaintiff has not shown that the City unreasonably delayed the identification of the Jane Doe defendant in bad faith, or disregarded an Order of this Court regarding that identification.

With respect to the identification of the John Doe defendant, Corporation Counsel identified Officer Dwyer on April

3

10, 2017 (Dkt. No. 39). While this was 10 days after the extended deadline to comply with the Valentin order (see Dkt. No. 29), there is no evidence that the delay, or the 10-day delinquency, was the result of bad faith on the part of Corporation Counsel.

The plaintiff himself admitted that he made a mistake in his complaint regarding the date of the incident at issue -- and apologized for his mistake -- and there is no evidence that the City Defendants were dishonest when they represented to the plaintiff and the Court that this mistake contributed to the delay in identifying the officers. (Thadani Decl. Ex. B.)

Further, the plaintiff's allegations that Corporation Counsel used the identification interrogatories to delay is belied by the correspondence between the parties, which clearly shows that the plaintiff acknowledged he had a duty to respond to the interrogatories even if he had already sent a physical description by email. (Pl.'s Mot. Sanctions 9-10.)

While the plaintiff attempts to argue that Corporation Counsel attempted to mislead him so that he would fail to name the John and Jane Doe defendants before the statute of limitations expired, that argument is implausible. Corporation Counsel identified Officer Porter before the statute of limitations had apparently expired, and one day after required to do so by the original Valentin order. It makes no sense that

4

the Corporation Counsel identified the Jane Doe defendant in a substantially timely fashion before the statute of limitations expired, but dithered over the identification of the John Doe defendant in order to shield that defendant from being sued. It should also be noted that the plaintiff himself delayed bringing the current lawsuit for two and a half years after the events at issue.

Therefore, the plaintiff has not shown that the City delayed the identification of the John Doe defendant in bad faith or disregarded an Order of this Court with respect to that identification.

With respect to his claim for spoliation, the plaintiff has not provided any evidence -- beyond his own mere speculation and conjecture -- that the City Defendants or any of their lawyers destroyed any documents relating to this case with the intent to delay the identification of the Doe defendants. See Khaldei v. Kespiev, 961 F. Supp. 2d 564, 570 (S.D.N.Y. 2013).

In sum, after reviewing the correspondence between the parties and the filings before this Court, there is no evidence that Corporation Counsel misled the plaintiff or the Court regarding the delay in the identification of the Doe defendants. There certainly has been no showing of bad faith with respect to that delay.

Accordingly, the plaintiff's motion for sanctions is denied. The Clerk is directed to close **Docket Number 74**.

**SO ORDERED.**

**Dated:** **New York, New York**
**September 28, 2017**

_____
John G. Koeltl
United States District Judge